IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROBIN LEE,<br><br>       Plaintiff,<br><br>   v.<br><br>LEE FAMILY, *et al.*,<br><br>       Defendants. | Case No. 21-mc-00345-DKW-RT<br><br><br>**ORDER DENYING REQUEST TO FILE COMPLAINT PURSUANT TO PRE-FILING REVIEW ORDER** |

On August 23, 2021, Plaintiff Robin Lee, proceeding pro se, sought to file a civil action with this Court.   Lee, however, is subject to a 2001 pre-filing review order due to his past "practice of burdening this Court with meritless litigation…." Dkt. No. 1-4 at 2.   The pre-filing review order requires Lee to submit pleadings in compliance with the Federal Rules of Civil Procedure and permits the Court to review such pleadings to determine whether they merit further review.   As such, the instant complaint is subject to pre-filing review, which the Court carries out below.

Construing the Complaint liberally, Lee appears to allege that, after serving a 120-month federal sentence, he returned to the State of Hawaiʻi and was told by unidentified members of his family, who appear to be the defendants in this action, that he was worth $4 billion, but he would "not be given a dime of it."   Dkt. No. 1 at

1.   Lee further alleges, among other things, that he has been psychologically "victimized" by the defendants, they have extorted up to a billion dollars from other people, and they are addicted to crystal methamphetamine.   *Id*. at 1-2.   Lee demands the defendants pay him $100 million a month "as if he [is] Tom Hanks…" and account for his $4 billion worth.   *Id*. at 2-3.   He also requests this Court to "remove his probation so he [is] able to leave the State of Hawai'i."   *Id*. at 3.

Put simply, Lee's Complaint fails to satisfy the Federal Rules of Civil Procedure and the requirement that a pleading provide a *plain* statement showing why the pleader is entitled to relief.   Fed.R.Civ.P. 8(a)(2).   Among other things, there appears to be no entitlement to any of the relief Lee seeks, other than Lee's assertion of him being told that he is worth $4 billion, which is not a basis for relief. The Complaint also fails to provide any basis for the Court to exercise jurisdiction over Lee's allegations, Fed.R.Civ.P. 8(a)(1), other than stating that Lee is on federal probation, *see* Dkt. No. 1 at 1.   Lee's probation, however, is no reason for the Court to exercise jurisdiction over either the named defendants or Lee's purported civil action.   Even if it was, Lee states no claim with respect to the removal or alteration of probation.

In this light, Lee's Complaint clearly does not warrant filing, pursuant to the pre-filing review order, and should not be filed in a civil proceeding by the Clerk of

Court.[1]   Instead, the Clerk is directed to retain Lee's Complaint in the Court's files as a miscellaneous case and then CLOSE the same.

IT IS SO ORDERED.

Dated: September 14, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Lee v. Lee Family, et al.*; Case No. 21-mc-00345-DKW-RT; **ORDER DENYING REQUEST TO FILE COMPLAINT PURSUANT TO PRE-FILING REVIEW ORDER**

---

[1]The Court notes that, with the Complaint, Lee also applied to proceed *in forma pauperis*.   Dkt. No. 1-2.   Pursuant to 28 U.S.C. Section 1915(e)(2)(B), the Court may screen a complaint filed without the payment of a filing fee and order the dismissal of any claims found "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   Here, the Court undoubtedly would have dismissed Lee's Complaint for failing to state a claim had the pre-filing review order not been in place. Because it is, though, the Court acts pursuant to that order, rather than Section 1915.